IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
IN RE: ASBESTOS PRODUCTS       :
LIABILITY LITIGATION (No. VI)  :
                               :
CERTIAN PLAINTIFFS             :        Consolidated Under
                               :        MDL DOCKET NO. 875
      v.                       :
                               :
CERTAIN DEFENDANTS             :
                               :
```

**FILED**

*(handwritten) 1 3 2009*

MICHAEL E. KUNZ ...
By_____Dep. Clerk

## O R D E R

Eastern District of Wisconsin

97-cv-0288 Clifford J. Mancoske v. AC&S, Inc., et al.
96-cv-0999 Clifford J. Dorsey v. AC&S, Inc., et al.
92-cv-0494 Harold Rasmussen, Sr. v. Anchor Packing, et al.
00-cv-1454 Gerald A. Decker v. AC&S, Inc., et al. *O9-CC497*
92-cv-0493 Robert J. Powers v. Anchor Packing, et al.
92-cv-0497 Kenneth T. Shanks v. Anchor Packing, et al. *09-61142*
01-cv-0698 Tureda C. Crivello v. AC&S, Inc., et al.
00-cv-0056 Boyd T. Lura v. AC&S, Inc., et al.
97-cv-0446 Harry A. Dombeck v. AC&S, Inc., et al. *69-6131G*
97-cv-1360 Victor E. Weise v. Armstrong, et al.
97-cv-0449 Edward J. Nordby v. AC&S, Inc., et al.
94-cv-0216 Lyle R. Hoeft v. Anchor Packing, et al.
92-cv-0494 Clyde J. Nagle v. Anchor Packing, et al.
94-cv-0165 Jerome D. Centner v. Anchor Packing, et al. *09-GG395*
98-cv-0320 Robert Binder v. AC&S, Inc., et al.
00-cv-1631 Harold A. Alfter v. AC&S, Inc., et al.
00-cv-1566 Ronald E. Bieganski v. AC&S, Inc., et al. *09-GG498*

Western District of Wisconsin

97-C-0411 Platt O. Welch v. Anchor Packing, et al.
99-C-0475 Oswald F. Suoja v. Owens-Illinois, et al. *09-60256*

**AND NOW**, this **13th** day of **February 2009**, it is hereby

**ORDERED** that a hearing on Plaintiffs' motion to appoint a special

administrator in the captioned cases will be held on **Tuesday,**

**March 3, 2009** at **9:00 am** in Courtroom 11A, United States

Courthouse, 601 Market Street, Philadelphia, PA 19106.

It is further **ORDERED** that Plaintiffs' counsel should be

prepared to argue a rule to show cause why each case should not be dismissed as void ab initio.  Each of the cases were originally filed in the name of a Plaintiff who was already deceased.  It is a general rule of Wisconsin law that an action at law requires a person or an entity to bring suit.  A "deceased [person] cannot be a party to an action."  Brickley v. Neuling, 41 N.W.2d 284, 285 (Wis. 1950)).  As a consequence, the Court has no jurisdiction and the Court may act by "dismissing the action, or otherwise noticing the defect, at any stage in the proceedings." Id. If Plaintiff can show that their case is not void, the Court will proceed to hear the motion to appoint a special administrator.

**AND IT IS SO ORDERED.**

**EDUARDO C. ROBRENO, J.**