# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: ASBESTOS PRODUCTS : | Civil Action No: |
| LIABILITY LITIGATION (No. VI) : | MDL 875 |
| : | |
| This Document Relates to the : | |
| Cases on the List Attached to the : | |
| Accompanying Order : | |

**MEMORANDUM**

DAVID R. STRAWBRIDGE, USMJ                                                             January 17, 2013

        Presently before this Court is Cascino Vaughan Law Offices' ("CVLO") "Motion To Reconsider and Clarify Order Entered November 16, 2012 Re Striking Interrogatory Answers." E.g. (Ahnert, 10-67443 Doc. 286) and the responses from Owens-Illinois, Inc. and Duke Energy Indiana, Inc., e.g. (10-67443 Doc. 303 and 08-89340 Doc. 110) which has been filed in sixteen cases.[1] In that CVLO has failed to present a proper basis for reconsidering the order, it will be denied. We dispense with a recitation of the underlying circumstances giving rise to this motion as they are well known to counsel and have been set out in our memorandum explaining the basis for our order and need not be repeated here. Ferguson v. A.C. & S., Inc., 08-90234, MDL 875, 2012 WL 5839023 (E.D. Pa. Nov. 16, 2012).[2]

        A motion for reconsideration will be granted when the party seeking relief establishes "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [issued its previous decision]; or (3) the need to correct a clear error of

---

[1] See the case list attached to the accompanying order.

[2] This memorandum was entered in all of the remaining CVLO cases, however, we chose the Ferguson caption to represent the memorandum for ease of reference. CVLO is not seeking reconsideration in the Ferguson case, thus, we have cited to the motion for reconsideration that the Plaintiff filed in Anhert.

law or fact or prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); (*citing* North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). CVLO contends here that new evidence is available and that we made a clear error of law. CVLO also seeks clarification on several additional points and rulings on additional sets of interrogatory answers. We will address each category below.

**A.     Plaintiff Has Failed to Present New Evidence to Warrant Reconsideration**

In response to our November 16, 2012 memorandum in Ferguson, CVLO has presented to us several new signed verifications for certain Plaintiffs' interrogatory answers which are no longer limited to "answers that are not statements or objections of plaintiff's attorney." CVLO claims that these new verifications constitute new evidence and cure the defect of the unverified interrogatory answers. While it may be that "new" proper verifications cure " the defect" the Third Circuit has made it clear that:

> "new evidence," for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available.

Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 252 (3d Cir. 2010). Plaintiffs have not suggested to us any circumstance whereby they would have been unable to sign proper interrogatory verifications when they served their responses. New evidence is not established when the "evidence" asserted as "new" was, as here, readily available to the complaining party.

Further, to accept this "new evidence" at this point would vitiate the critical importance of compliance with our scheduling orders. Simply stated, "the cure" comes too late. CVLO has filed this motion in CVLO-3 and CVLO-4 cases. In the CVLO-3 cases, discovery closed

2

on July 13, 2012 and the Defendants were obligated to file their dispositive motions by October 8, 2012. In the CVLO-4 cases, discovery closed on August 3, 2012 and Defendants were obligated to file their dispositive motions by October 29, 2012. CVLO claims that they did not know that all interrogatory responses must be client verified, or that attorney signatures would not be acceptable on responses based on "attorney knowledge", until we issued our Ferguson memorandum on November 16, 2012.

We are unable to accept this argument.[3] The Federal Rules with respect to verification of interrogatory responses are well established as we explained in our Ferguson memorandum. 2012 WL 5839023, at *7-9. Further, CVLO ignores our May 31, 2012 ruling in Unzicker which categorically set out our position, based upon Fed. R. Civ. P. 33(b), that interrogatory responses that were unverified were invalid and would be struck. Unzicker v. A.W. Chesterston Co., 11-66288, MDL 875, 2012 WL 1966028, at *2 (E.D. Pa. May 31, 2012). The circumstance that a court issues a relevant opinion highlighting a deficiency that a party is able to correct does not provide a basis for that party to make the correction and seek reconsideration based on "new evidence."

---

[3] CVLO also belatedly contends that Fed. R. Civ. P. 26(g), regarding attorney signatures on initial disclosures, is applicable to Fed. R. Civ. P. 33 interrogatory signatures by clients. Fed. R. Civ. P 26(g)(2) provides that the court must strike unsigned disclosures "unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." Thus, CVLO contends that rather than striking unverified interrogatory responses, we must give the Plaintiffs an opportunity to sign them. We find no support for this proposition in Rule 26. Regardless, as discussed, the new verification forms come too late after the close of discovery. Similarly, we reject CVLO's argument that, although they titled the discovery responses "Response[s] to Standard Interrogatories", we should consider them Rule 26 disclosures and that they should not be governed by Fed. R. Civ. P. 33.

In their motion, CVLO offers to prepare a separate document of attorney knowledge, signed by counsel, and expressly titled as Rule 26 disclosures. Such an "offer" of what could have and, in our view, should have, been done at the time of the initial service of the discovery responses or in some other timely fashion, cannot be deemed to constitute a proper basis for reconsideration. As we have now discussed several times both in memoranda and at hearings, Plaintiffs were obligated to serve their discovery responses within the time provided by the Rules and our scheduling orders. We have not and will not now excuse a Plaintiff's production of such evidence after the close of discovery or in response to a motion for summary judgment without some explanation of extraordinary circumstances not presented here. See Muldrow v. Brooks, 34 F. App'x 854, 855 (3d Cir. 2002) (affirming the district court's decision to exclude a witness' testimony because the proffering party had merely mentioned the witness several times but had not put the opposing party on notice that the witness had direct relevant knowledge about the claim until after dispositive motions had been filed); Se-Kure Controls, Inc. v. Vanguard Prods. Group, Inc., 02-3767, 2007 WL 781250, at *1 (N.D. Ill. Mar. 12, 2007) (concluding that "[b]y requiring disclosure of the identity of those who may have relevant information and the disclosure of relevant documents, the Federal Rules of Civil Procedure seek to avoid the surprise and secrecy that are antithetical to the informed determination of cases of their merits"). Thus, in addition to finding that the new verifications are not new evidence, we also conclude that, given their timing, the verifications cannot cure the infirmity of the unverified interrogatory answers.

**B.     There Is No Clear Error of law**

CVLO contends that we clearly erred by striking the unverified interrogatory responses. We do not agree. Our holding is legally supported as discussed in Unzicker, 2012 WL

1966028, at *2, Ferguson, 2012 WL 5839023, at *7-9, and in our most recent decision, Doyle v. A.C. and S., Inc., 08-89845, MDL 875, 2012 WL 6739912, at *3 (E.D. Pa. Dec. 27, 2012). This court has held that "[i]t is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through - rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (*internal citation and quotation marks omitted*). Similarly, a motion for reconsideration may not be used to "attempt a new approach or correct mistakes [the movant] made in its previous [motion] or to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Schutter v. Herskowitz, 07-3823, 2008 WL 3911050, at *2 (E.D. Pa. Aug. 22, 2008) (*citation and internal quotation marks omitted*). All of the issues raised by CVLO by this motion were briefed by the parties and determined by the court as set out in our Ferguson memorandum and order on November 16, 2012. We find no clear error of law which would cause us to reconsider these determinations.

**C.     The Clarification of Additional Factual Matters**

CVLO also seeks amendments to two factual background statements that we made in Ferguson. We find no need to amend these statements. First, CVLO disagrees with our statement that they "have essentially conceded that they did not comply with certain discovery requirements imposed by Judge Reed including fully responding to the standard interrogatories within the time allotted to do so." 2012 WL 5839023, at *3. In support of their argument, CVLO provides a chart and hearing testimony from Robert G. McCoy, Esq. purporting to establish that they had served most if not all of their clients' initial interrogatory responses by the deadline set by Judge Reed in his October 5, 2012 and November 15, 2012 letter orders. See (Ahnert, 10-67443 Doc. 286, Ex. 22, pp. 28-29, 43-44; Ex. 39). We will accept CVLO's representations that they served approximately

5

1400 interrogatory response sets by Judge Reed's February 21, 2011 deadline. However, Judge Reed's October 5, 2012 letter order provided that:

> [i]n lieu of a plaintiff's signature to the answers, a signed certification to the accuracy of a plaintiff's answers to the mediation interrogatories by plaintiff's counsel of record will be adequate for purposes of mediation only. Before counsel certifies to the accuracy of the answers, plaintiffs' counsel will contact the plaintiff or the witness and confirm the accuracy of the information forming the basis for all answers.

Http://www.paed.uscourts.gov/documents/MDL/MDL875/CV 2.pdf. In their omnibus response to the motions to strike at issue in Ferguson, CVLO admitted that they did not sign these early interrogatories "due to 'data processing' errors." (Ahnert, 10-67443, Doc. 191, p. 12). Indeed, of the early interrogatory sets that have been presented to us, none were signed by the client nor did they include a the alternative certification from counsel that Judge Reed permitted. Our statement that CVLO "essentially conceded" their failure to comply is supported by the record.

Second, CVLO disagrees with our statement that they "have conceded that they often did not timely provide [] initial witness disclosures, in part because (1) they believed they had no such obligation to do so . . . and (2) there was no Rule 26(f) scheduling conference." Ferguson, 2012 WL 5839023, at *3. This line of thought is taken directly from CVLO's omnibus response to the motions to strike in which they specifically argued that "Plaintiffs relied on the absence of fact witness deadlines [in the scheduling orders] in not providing [fact witness disclosure] lists" (Ahnert,10-67443 Doc. 191, p. 11, see also pp. 15-16). We find that this statement is a concession that CVLO did not submit, early in the cases, Rule 26(a) witness disclosures.

**D.     The Analysis of Additional Interrogatory Answer Sets in These Cases**

In Ferguson, we made rulings regarding the interrogatory responses that the Defendants placed in issue in their motions to strike.[4] In the motions to reconsider, CVLO now asks us to address certain additional interrogatory sets in some of the cases discussed in Ferguson but which were not the subject of Defendants' motions to strike. Accordingly, they are outside the bounds of a motion for reconsideration. Therefore, we will not make specific rulings on these additional sets.[5]

In their motion, CVLO asks specifically that we declare that various interrogatory response are "proper discovery responses" either in whole or in part, depending on the type of verification. In that this is not a proper basis for reconsideration, it is not necessary for us to make a formal ruling on this issue. However, for the reasons set forth in Ferguson, we decline to make such a finding.[6]

---

[4] Occasionally, we found it difficult to determine which interrogatory answer sets the Defendants sought to strike and which they merely mentioned as part of the background facts. However, no Defendant has sought additional rulings regarding the interrogatory answers at issue in Ferguson. Plaintiffs, in their responses to the motions to strike, also mentioned additional interrogatory answer sets, but, in that they had not filed motions regarding those sets, they were clearly not in issue. Thus, in Ferguson, we ruled only on those answer sets we deemed presented for our review.

[5] At this point, it should not be necessary for us to make specific rulings regarding interrogatory answers as the parties should be capable of easily determining which interrogatory responses are viable. In Unzicker, Ferguson, and Doyle, we made our rulings on these issues very clear: if an interrogatory answer set lacks client verification, it is struck; or if an interrogatory set is conditionally verified, any answers clearly provided by counsel are struck. Doyle, 2012 WL 6739912, at *3; Ferguson, 2012 WL 5839023, at *7-9; Unzicker, 2012 WL 1966028, at * 2.

[6] CVLO also asks us to rule on the propriety of the exhibits that they have submitted as part of their clients' interrogatory responses. These exhibits are lists of employers, co-workers,
(continued...)

E.  **Conclusion**

As set forth above, we find no new evidence or clear error of law which would cause us to reconsider our November 16, 2012 Ferguson decision. We further find that CVLO's new late submitted interrogatory verification forms do not cure the prejudice to Defendants that we found in Ferguson.

An appropriate order follows.

---

[6](...continued)
and past relevant testimony which are referenced in the answers to various interrogatories. We have not struck these exhibits as we have held that whether witnesses have been properly disclosed is an issue for Judge Robreno or the trial judge when it arises in connection with a motion for summary judgment or at trial. Ferguson, 2012 WL 5839023, at 6-7. Thus, to the extent that an interrogatory response which has not been struck refers to any such exhibit, we decline to make a further ruling on the exhibit itself.