IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re: ASBESTOS PRODUCTS
LIABILITY LITIGATION (No. VI)

Civil Action No:
MDL 875

This Document Relates to the
cases on the attached list

FILED:
FEB - 1 2013
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

### EXPLANATION and ORDER

**AND NOW** this 1st day of February, 2013, upon consideration of "Plaintiff's Motion and Memorandum to Reconsider Order Entered December 27, 2012, re Motion to Bar Persons in CVLO Master Lists", i.e. (10-61345 Doc. 169), the responses, i.e. (10-61345 Doc. 173, 10-67443 Doc. 323), and "Plaintiff's Supplemental Authority" brief, i.e. (10-61345 Doc. 170-3), it is hereby **ORDERED** that:

1. any related joinders are **GRANTED**; and
2. the motion for reconsideration is **DENIED**.

CVLO seeks reconsideration of our December 27, 2012 memorandum and order in which we barred them from utilizing the testimony of individuals included on their "Site Worker by Job Sites" and "Site Worker Past Testimony" lists, unless those individuals had been properly disclosed elsewhere. Doyle v. A.C. and S., Inc., 08–89845, MDL 875, 2012 WL 6739912 (E.D. Pa. Dec. 27, 2012). A motion for reconsideration may be brought for limited reasons and should be granted sparingly. Schneller v. Fox Subacute at Clara Burke, 368 F. App'x 275, 279 n.4 (3d Cir. 2010). Specifically, such a motion may be granted in light of: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [issued its previous decision]; or (3) the need to correct a clear error of law or fact or prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Here, CVLO alleges that there is new evidence and legal errors.

CVLO's arguments have no merit, thus, we find no grounds to reconsider our December 27, 2012 memorandum and order. CVLO first contends that the new interrogatory answer verification pages signed by the Plaintiffs are new evidence. We have already discussed and dismissed this argument. In re Asbestos Products Liab. Litig. (No. VI), MDL 875, 2013 WL 210246, at *1-2 (E.D. Pa. Jan. 17, 2013). Moreover, in that we held in Doyle that the lists are not interrogatory responses, this argument is moot. 2012 WL 6739912, at *3.

There is also no clear error of law. Many of CVLO's arguments merely rephrase contentions supplied in their response to Defendants' original motion, which are inappropriate to consider during reconsideration.[1] Schutter v. Herskowitz, 07-3823, 2008 WL 3911050 , at *2 (E.D. Pa. Aug. 22, 2008). For example, CVLO again alleges that the site-worker lists apply to each individual case because they are incorporated by reference into each set of standard interrogatory answers. We rejected this argument previously. Merely stating in the answers to certain interrogatories that the lists provide relevant site-worker information does not make the lists applicable in that case. Even with such a declaration, Defendants are still left to guess which of the many site-workers listed for the relevant job-sites might be able to testify that the Plaintiff at issue used or worked around its product. We reiterate our holding that the lists, by their global nature, do not allow application in a particular case.

CVLO's remaining arguments attempt to raise new issues which should have been raised previously. Again, such arguments are improper for reconsideration. Id. Most of the new arguments center on why the court should not have struck the lists or why the court should not have barred witnesses, including that we violated 28 U.S.C. § 636 by ruling on a dispositive motion. We remind CVLO that we did not strike the lists or bar any witnesses. Instead we held,

---

[1] Indeed, CVLO goes so far as to incorporate all of its previous related briefs into this motion. (10-61345 Doc. 169, p. 1, fn.1).

*inter alia*, that, since the lists were not applicable in individual cases, they could not be used as a platform to interject site-worker testimony into a particular Plaintiff's case. This ruling was not case dispositive and was within the authority granted to us in Judge Robreno's June 9, 2011 order of referral "to conduct pretrial procedures, supervision of discovery, settlement conferences, and preparation for trial." (10-67443 Doc. 34).

   CVLO also argues that the site-worker lists are not witness lists, that the individuals listed thereon are not witnesses, and that we erred by so describing them. If CVLO truly believes that the purpose of the lists is not to give notice of witnesses, then we are left to wonder why they are so concerned with our ruling that those individuals may not testify on a given Plaintiff's behalf unless otherwise properly disclosed. To the extent that CVLO is uncomfortable with our use of the word "witness" in the decision, either "potential witness" or "co-worker with knowledge of the Plaintiff's use of a particular product" could easily be substituted. We used the word "witness" in recognition of the way in which CVLO has used the lists and in light of Defendants' justified concerns about the lists: that CVLO is attempting to rely on declarations from the listed individuals to combat summary judgment arguments that the Plaintiff failed to establish a causal link between him or herself and a Defendant's asbestos-containing product.

   Similarly, CVLO contends that we erred by using the word "causation" in our decision when the standard interrogatories do not. CVLO's argument, as well as their selective citation to the standard interrogatories, is disingenuous. Interrogatory 20(b), not mentioned by CVLO, seeks the identity of the Plaintiff's co-workers who have knowledge that he or she actually worked with particular asbestos-containing products enumerated in interrogatory 19. This question goes to causation. As with the word "witness", our use of the word "causation" reflects the reality of how CVLO is attempting to use the lists and recognizes Defendant's concerns regarding Plaintiffs' use of site-worker declarations to attempt to establish causation.

CVLO cannot escape the fact that Fed. R. Civ. P. 26(a) and the standard interrogatories demand disclosure of individuals with relevant knowledge and the subjects of their testimony, including knowledge that a given Plaintiff worked with or around a specific Defendant's asbestos-containing product. We held on December 27, 2012 that the "Site Worker by Job Sites" and "Site Worker Past Testimony" lists were insufficient for that purpose or for use in individual cases. CVLO provides no legitimate reason to change that holding.

BY THE COURT:

_____
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

## Case List

| Name | Case Number |
|---|---|
| Ahnert Daniel | 10-CV-67443 |
| Andris Arthur | 10-CV-67885 |
| Binder Robert | 10-CV-67817 |
| Childs Earl | 08-CV-91089 |
| Collins Arthur | 10-CV-64567 |
| Connell Daniel | 09-CV-60552 |
| Doyle James | 08-CV-89845 |
| Haffner Robert | 08-CV-89863 |
| Hakes Donald | 10-CV-68063 |
| Hass Laverne | 09-CV-60267 |
| Hass Laverne | 09-CV-60298 |
| Held Donald | 10-CV-67814 |
| Jakubowski Florian | 10-CV-67831 |
| Larweth Dennis | 08-CV-89914 |
| Lorentz Eugene | 10-CV-61348 |
| Louis Richard | 10-CV-64606 |
| Meagher John | 09-CV-60445 |
| Morris Michael | 09-CV-61495 |
| Obermeier Sylvester | 09-CV-61019 |
| Rickey Marvin | 10-CV-61345 |
| Schmoll Cyril | 09-CV-61026 |
| Stephens John | 09-CV-64733 |
| Suoja Oswald | 09-CV-60256 |
| Sutherlin James | 10-CV-64565 |
| Vradenburg Stanley | 09-CV-62185 |
| Waltenberg Claude | 09-CV-61499 |
| Willocks Tommy | 09-CV-64701 |