**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| ----------------------------------------------------------- x | | |
| IN RE:  ASBESTOS PRODUCTS | : | |
| LIABILITY LITIGATION (NO. VI) | : | CIVIL ACTION NO. MDL 875 |
| ----------------------------------------------------------- x | : | |
| This Document Relates To: | : | |
| | : | |
| Cascino Vaughan Law Offices Ltd. (CVLO) | : | |
| Cases Identified on Exhibit A | : | |
| | : | |
| ----------------------------------------------------------- x | | |

**OWENS-ILLINOIS, INC.'S MOTION TO STRIKE**
**"PLAINTIFFS' AMENDED STATEMENT ON EXPERT WITNESS REPORTS"**

Defendant Owens-Illinois, Inc. ("Owens-Illinois"), pursuant to Federal Rules of Civil Procedure 16(f) and 37(b), respectfully requests that the Court strike "Plaintiffs' Amended Statement on Expert Witness Reports" (*e.g.*, No. 2:10-cv-67443-ER, ECF No. 324) as to Owens-Illinois.  In support of its motion, Owens-Illinois states as follows:

**INTRODUCTION**

On January 24, 2013, Plaintiffs filed their "Amended Statement on Expert Witness Reports" ("Amended Expert Report") in 198 cases where the deadline to file reports and complete expert discovery had long since expired.  Plaintiffs did not seek leave, nor could they provide good cause to modify the deadlines across seven scheduling orders.  Instead, Plaintiffs characterized their massive filing as a "supplement" under Federal Rule of Civil Procedure 26(e)(2).  The Court should reject this mischaracterization—which is contrary to the Federal Rules of Civil Procedure and multiple court orders—and strike the Amended Expert Report under Federal Rules of Civil Procedure 16(f) and 37(b).  Plaintiffs are not entitled to rewrite this Court's orders and vitiate years of pretrial, shifting a tremendous burden and expense of hundreds of cases (from thousands more) onto this Court, Owens-Illinois, or any other litigant on the MDL-875 docket.

## ARGUMENT

### I.  PLAINTIFFS' AMENDED EXPERT REPORT VIOLATES THE SCHEDULING ORDERS.

This Court created a roadmap for discovery and pretrial.  Each of the scheduling orders set a deadline that "Plaintiff's expert reports must be filed."[1]  The deadline, like Rule 26(a)(2), was clear and mandatory:  "A party must make these disclosures at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).  As in every federal civil case, Plaintiffs' "[a]dherence to deadlines for disclosure of expert witnesses and their reports under Rule 26(a)(2) is especially important."  *Finwall v. City of Chicago*, 239 F.R.D. 494, 496 (N.D. Ill. 2006) (striking expert report, and barring expert based on late report).

Plaintiffs, moreover, were warned of their discovery and pretrial obligations.  In the referral order, the Court first cautioned that it "**MAY IMPOSE SANCTIONS AND/OR COSTS AGAINST ANY PARTY NOT IN COMPLIANCE WITH THIS NOTICE AND THE ORDERS SPECIFICALLY INCORPORATED BY REFERENCE AND ANY ORDERS ISSUED IN FURTHERANCE HEREOF.**"[2]  Months later the Court held that Plaintiffs were not "entitled to a margin of error in complying with the Courts order," and if CVLO "is unable to comply fully with the Court's orders, counsel may need to either withdraw from representation of some of the plaintiffs or seek additional help to handle the cases properly and adequately."[3]  As pretrial continued, the Court re-affirmed its

---

[1] *See* Amend. Case Mgmt. & Scheduling Order for the "Top Ten" Cases, Oct. 12, 2011; Amend. Case Mgmt. & Scheduled Order for CVLO-1&2, Apr. 11, 2012; Amend. Case Mgmt. & Scheduled Order for CVLO-3, Apr. 11, 2012; Amend. Case Mgmt. & Scheduled Order for CVLO-4, Apr. 11, 2012; Amend. Case Mgmt. & Scheduled Order for CVLO-5, Apr. 11, 2012; Amend. Case Mgmt. & Scheduled Order for CVLO-6, Apr. 11, 2012; Amend. Case Mgmt. & Scheduled Order for CVLO-7, Apr. 11, 2012; Amend. Case Mgmt. & Scheduled Order for CVLO-8, Apr. 11, 2012, *available at* www.paed.uscourts.gov/mdl875r.asp.

[2] Order of Referral, June 9, 2011, *Ahnert*, No. 10-cv-67443, ECF No. 34.

[3] *In re Asbestos Prods. Liab. Litig. (No. VI)*, 278 F.R.D. 126, 132 (E.D. Pa. 2011).

scheduling orders.[4]  The Court admonished CVLO attorneys that their appearance was a legal and ethical representation they were "ready, willing and able" to comply with the Court's orders and that "[o]nly by strict adherence" to the scheduling deadlines "can a litigation of this scope be efficiently administered."[5]

The Amended Expert Report violates the Court's orders.  Up to sixteen months after the expert reports were due, and after the deadline had passed in every case, Plaintiffs unilaterally filed their Amended Expert Report:

| Group | Deadline |
|---|---|
| "Top Ten" | October 19, 2011 |
| CVLO-1&2 | May 4, 2012 |
| CVLO-3 | August 13, 2012 |
| CVLO-4 | September 4, 2012 |
| CVLO-5 | September 24, 2012 |
| CVLO-6 | October 15, 2012 |
| CVLO-7 | November 5, 2012 [6] |

Indeed, Plaintiffs filed the Amended Expert Report in "Top Ten" cases remanded from MDL-875 to trial courts.[7]  Plaintiffs also filed the Amended Expert Report where Kenneth Garza and Stephen Kenoyer were never disclosed in the first place.[8]  And even when they were disclosed, Plaintiffs added countless new sections, paragraphs, and references — swelling the report to 103 pages and beyond any comparison with the original.[9]  Plaintiffs have not identified what was added to the Amended Expert Report, nor have they explained

---

[4] Order, May 25, 2012, *Ahnert*, No. 10-cv-67443, ECF No. 122.

[5] *Id.* at 4-5.

[6] *See supra* n.1 (collecting and citing scheduling orders).

[7] *E.g.,* Exhibit A to Plaintiffs' Amended Statement on Expert Witness Reports, No. 2:10-cv-67443-ER, ECF No. 324 (identifying *Anderson*, No. 11-cv-63482; *Bushmaker*, No. 10-61116; *Gehrt*, No. 08-92066; *Goeken*, No. 10-68122; *Pleaugh*, No. 11-63519; *Wright*, No. 11-66748.

[8] *E.g., Krik*, No. 11-63473, ECF No. 92; *Reno*, No. 11-67724, ECF No. 65; *Zellner*, No. 11-66746, ECF No. 183.

[9] *Compare Ahnert*, No. 10-cv-67443, ECF No. 324, *with Ahnert*, No. 10-cv-67443, ECF No. 178.

why any of the new opinions, facts, or data disclosed for the first time in the Amended Expert Report could not have been included in an expert report filed before the expert discovery deadline.  And yet, Plaintiffs are unexplained and unapologetic; they filed no motion for leave and sought no stipulation.[10]  It is not the right of Plaintiffs who chose not to comply with deadlines to restructure them at will.  Nor is it the prerogative of Plaintiffs to require this Court and innumerable defendants to accept these violations in the form of defiantly filing expert reports after the deadlines set by court order.

Here, on a far larger scale than *Finwall*, the Rule 26(a)(2)(D) deadlines "are essential to the maintenance of a smooth and orderly flow of cases. . . . If litigants are allowed to disregard deadlines, as has the plaintiff's counsel in this case, the necessary advantages that deadlines secure will cease to exist, and court scheduling orders will become meaningless.  Procrastinators (to say nothing of those seeking some illicit tactical advantage) will simply be motivated not to comply with schedules carefully set by courts." 239 F.R.D. at 503 (citations omitted).   Despite the wealth of precedent prohibiting the course so blithely pursued by Plaintiffs, and despite the clear deadlines and orders from this Court, Plaintiffs violated the scheduling orders.

## II.    PLAINTIFFS HAVE NOT SHOWN GOOD CAUSE TO MODIFY THE SCHEDULING ORDERS.

Plaintiffs refused not only to acknowledge the Court's scheduling orders, but also to provide any good cause for filing the Amended Expert Report.   Under Rule 16(b)(4), a scheduling order may be modified only "for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b); *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 352 n.6 (3d Cir. 2011).  Significantly, "the court may modify the schedule on a showing of good cause if it

---

[10]   *See* Fed. R. Civ. P. 26(a)(2)(D); *see also In re Asbestos Prods. Liab. Litig. (No. VI)*, slip op. at 1 (E.D. Pa. Sept. 28, 2012) (entering order on possible agreements "in light of the significant number of motions to extend expert discovery deadlines"), *available at* www.paed.uscourts.gov/mdl875r.asp.

cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16(b) advisory comm. notes.  A party should offer "proof that more diligent discovery was impossible."  *McElyea v. Navistar Int'l Transp. Corp.*, 788 F. Supp. 1366, 1371 (E.D. Pa. 1991) (denying motion to re-open discovery), *aff'd*, 950 F.2d 723 (3d Cir. 1991).

As this Court held its "scheduling orders in the CVLO cases were necessary to ensure the 'just, speedy and inexpensive,' administration of this massive litigation."[11] "Only by strict adherence to these reasonable deadlines imposed after consultations with counsel can a litigation of this scope be efficiently administered."[12]  Slight modifications "have the capacity to unhinge, or at the very least severely delay, a group of cases tied together in an MDL."[13]  For these reasons, the Court has enforced its scheduling orders— consistently and justifiably—against late attempts to file expert reports and re-open discovery.[14]

Plaintiffs have shown no good cause here to revise the scheduling orders.  In fact, Plaintiffs fail to offer any cause whatsoever.  Plaintiffs are simply attempting to introduce new expert opinions in 198 cases that were never disclosed or discovered.  Their late filing alone shows a lack of diligence.  The Court's staggered deadlines and sequencing of Rule 26(a)(2)(D) were made to avoid burden and expense, and ensure fairness for the defendants. The deadlines have all passed; pretrial has concluded.  To justify the Amended Expert

---

[11]  *E.g.*, Order at 4-5, May 29, 2012, No. 2:10-cv-67443-ER, ECF No. 122 (quoting Fed. R. Civ. P. 1).

[12]  *Id.*

[13]  *Ferguson v. A.C. & S., Inc.*, 08-90234, MDL 875, 2012 WL 5839023, at *6-7 (E.D. Pa. Nov. 16, 2012).

[14]  *E.g.*, *Baumann v. A.W. Chesterton Co.*, MDL 875, No. 11-CV-63517, slip op. at n.1 (E.D. Pa. Sept. 18, 2012) (denying motion in nine cases); *Surges v. AC & S, Inc.*, MDL 875, No. 08-90189, slip op. at n.1 (E.D. Pa. Oct. 9, 2012); *Czajkoski v. A. C. & S. Inc.*, MDL 875, No. 08-89969, slip op. at n.1 (E.D. Pa. Oct. 16, 2012); *O'Mallane v. v. A. C. & S. Inc.*, MDL 875, No. 08-88676, slip op. at n.1 (E.D. Pa. Oct. 2, 2012), *available at* www.paed.uscourts.gov/mdl875r.asp.

Report, Plaintiffs must prove good cause to re-open their expert report deadline, re-depose their experts, re-file defense expert reports, and re-file dispositive motions.   Plaintiffs essentially want to press a "reset button" in hundreds of cases now that pretrial proceedings are complete — only after this Court and the remaining defendants have expended significant time and resources in thousands of cases.   At bottom, Plaintiffs chose not to show good cause and seek the Court's consent to file the Amended Expert Report because they could not.

## III.   PLAINTIFFS' AMENDED EXPERT REPORT IS NOT A PROPER SUPPLEMENT.

Plaintiffs try instead to avoid their lack of good cause by characterizing the Amended Expert Report as a "supplement" under Rule 26(e)(2).   This characterization cannot obscure the reality.   If Plaintiffs even attempt to find refuge in case law allowing "supplemental" disclosures, it will fail.   Courts repeatedly emphasize that:

> Fed. R. Civ. P. 26(a)(2)(B) requires that an expert witness report "contain a complete statement of all opinions to be expressed and the basis and the reasons therefor" to facilitate discovery.   Although Fed. R. Civ. P. 26(e) requires a party to "supplement or correct" disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report.

*Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003).

The Rule 26(e) supplement is limited to "correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure."   *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998); *Sancom v. Qwest*, 683 F. Supp. 2d 1043, 1062 (D.S.D. 2010) (same).   As here, a party may not abuse Rule 26(e) to offer a "supplement" that is intended to deepen or strengthen an expert's report.   *Leviton Mfg. Co. v. Nicor, Inc.*, 245 F.R.D. 524, 528 (D.N.M. 2007).   "Rule 26(e) was intended to ensure prompt disclosure of new information, not to allow parties to

spring late surprises on their opponents under the guise of a 'supplement' to earlier disclosures." *Barlow v. Gen. Motors Corp.*, 595 F. Supp. 2d 929, 935-36 (S.D. Ind. 2009).

Courts are especially harsh when, as here, a party seeking to supplement does so after the close of discovery. *See, e.g.*, *id.* at 936 ("the duty to supplement cannot be transformed into a right to ambush"); *Solaia Tech. LLC v. ArvinMeritor, Inc.*, 361 F. Supp. 2d 797, 806 (N.D. Ill. 2005) (citing *Coles v. Perry*, 217 F.R.D. 1, 3 (D.D.C. 2003)) (striking late-filed report styled as a "supplemental opinion"); *Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 662 (N.D. Ga. 2001) (Rule 26(e) imposes duty on producing party; it does not give that party a right to rely on supplements to produce information required by earlier deadline); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998) (affirming exclusion of late report presented as "supplement": "The purpose of supplementary disclosures is just that-to supplement.  Such disclosures are not intended to provide an extension of the expert designation and report production deadline."); *Keener*, 181 F.R.D. at 640-41 (excluding defendant's late attempt to present "supplement" with the substantive opinions in the case).

Yet, contrary to the well-established rule, Plaintiffs still filed under the guise of a Rule 26(e) supplement.  The Amended Expert Report—containing new and different opinions—was filed years and months after the deadlines had passed.  The consequences of Plaintiffs' improper filing are at least two-fold.  First, the Amended Expert Report undercuts the Court's authority to control its docket.  "To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek [*sic*] havoc in docket control and amount to unlimited expert opinion preparation." *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002); *accord In re TMI Litig.*, 193 F.3d 613, 718-22 (3d Cir. 1999) (striking expert reports, and explaining multidistrict

litigation).    Second, the timing and delay in Plaintiffs' filing prejudice Owens-Illinois.

Owens-Illinois invested extensive time and resources to conduct expert discovery; it has

filed more than 100 expert reports and 30 dispositive motions.    These motions challenge

Plaintiffs' proffered causation opinions.    Plaintiffs' Amended Expert Report would gut the

dispositive process and the fundamental right to a final judgment, which is underway for

Owens-Illinois and other defendants.  *See Ferguson*, 2012 WL 5839023, at *7 (citing *Saria*

*v. Massachusetts Mut. Life Ins. Co.*, 228 F.R.D. 536, 538-39 (S.D. W. Va. 2005)); *see also*

Order, May 25, 2012, *Ahnert*, No. 10-cv-67443, ECF No. 122 ("scheduling orders in the

CVLO cases were necessary to ensure the 'just, speedy and inexpensive,' administration of

this massive litigation").

In short, Plaintiffs' obligation to supplement under Rule 26(e) does not extend to

offering new, late opinions that prejudice Owens-Illinois — much less hundreds of

defendants in hundreds of cases (from thousands more) on a crowded MDL docket.    The

Amended Expert Report is not a proper Rule 26(e) supplement and any such

characterization is unavailing.

## IV.    THE PROPER REMEDY IS TO STRIKE THE AMENDED EXPERT REPORT.

This Court has the authority to sanction Plaintiffs for violating the scheduling

orders and the Federal Rules of Civil Procedure.    Rule 16(f) provides that "the court may

issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its

attorney . . . fails to obey a scheduling or other pretrial order."    Fed. R. Civ. P. 16(f)(1).

Under Rule 16(f), "the court must order the party, its attorney, or both, to pay the

reasonable expenses — including attorney's fees — incurred because of any noncompliance

with this rule, unless the noncompliance was substantially justified or other circumstances

make an award of expenses unjust."    Fed. R. Civ. P. 16(f)(2).    As the Third Circuit held,

district courts are given "very broad discretion" to use Rule 16(f) sanctions "'where

necessary' to ensure compliance with pretrial orders," as this power "facilitates the 'expeditious and sound management of the preparation of cases for trial.'" *Tracinda Corp. v. DaimlerChrysler AG*, 602 F.3d 212, 242 (3d Cir. 2007) (quoting *In re Sanction of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984)).

Rule 37(b) also provides that "[i]f a party . . . fails to obey an order to provide or permit discovery," the court may issue any "further just orders." Fed. R. Civ. P. 37(b)(2)(A). The section provides a wide range of sanctions for a party's noncompliance with its discovery obligations, including discretion to deem facts as established, bar evidence, strike or dismiss pleadings, enter a default judgment, and find a party in contempt. *Id.* When a court enters sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The district court's "decision to impose sanctions for discovery violations, as well as any determination as to what sanctions are appropriate, are matters generally entrusted to the discretion of the district court." *Barbee v. SEPTA*, 323 Fed. App'x 159, 162 (3d Cir. 2009) (citing *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007)).

The proper Rule 16(f) sanction is to strike Plaintiff's Amended Expert Report. *See Boardman v. Nat'l Med. Enters.*, 106 F.3d 840, 843 (8th Cir. 1997) (excluding untimely expert testimony under Rule 16); *Leviton Mfg. Co.*, 245 F.R.D. at 531 (same); *Akeva L.L.C.*, 212 F.R.D. at 309 (same). As discussed above, the Amended Expert Report violates multiple deadlines across seven scheduling orders, and Plaintiffs have not proved good cause to file their massive Amended Expert Report. The Amended Expert Report should be stricken pursuant to Rule 16(f).

The Court also may enter Rule 37 sanctions.  The Third Circuit identified four factors when weighing Rule 37 evidentiary sanctions:

> (1) the prejudice or surprise in fact of the party against whom the excluded [material would have been used], (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule . . . would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness . . . .

*In re TMI Litig.*, 193 F.3d at 721.  Here, just as in *TMI* and other courts, a late expert report should be stricken under Rule 37.  *Id.* (excluding late expert testimony under Rule 37); *see also Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1009 (8th Cir. 1998) (excluding late expert testimony under both Rule 16 and Rule 37); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) (applying Rule 37 sanctions to a party for serving a supplemental expert report); *Cecala v. Newman*, 532 F. Supp. 2d 1118, 1156-58 (D. Ariz. 2007) (applying Rule 37(c)(1) to exclude an expert's supplemental affidavit); *Keener*, 181 F.R.D. at 642 (striking a supplemental expert report under Rule 37).

First, Plaintiffs' Amended Expert Report prejudices Owens-Illinois.  The report was served well after the deadlines set by this Court, and Plaintiffs have provided no explanation or good cause for their delay.  Expert reports must give an opposing party the "opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses," and "a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed." Fed. R. Civ. P. 26(a)(2) advisory comm. note.  Plaintiffs filed their Amended Expert Report only after Owens-Illinois prepared and filed its expert reports and only after expert discovery closed.  That reverses and obviates staggered deadlines, which give defendants an opportunity to digest the Plaintiffs' expert reports, take their experts' depositions, understand the full extent of the opinions and the basis for them, and then disclose a responsive report.  Owens-Illinois could not possibly have conducted discovery on the Amended Expert Report, nor prepare its own

expert defenses on undisclosed opinions.  Plaintiffs' Amended Expert Report undermines pretrial and its fundamental purpose, as set years ago, and threatens to disrupt the orderly administration of these cases and MDL-875.

Second, Owens-Illinois cannot cure the prejudice because discovery has closed and it has already prepared and filed more than 100 expert reports.  More than 30 dispositive motions were filed as well.  If Plaintiffs survive summary judgment, the cases will be remanded for trial.  This entire pretrial process — which Plaintiffs have thrown into disarray by serving an eleventh-hour Amended Expert Report — is trial preparation.  The Federal Rules of Civil Procedure and this Court's orders cannot be rewritten to facilitate Plaintiffs' disclosure and discovery abuses, nor can Owen-Illinois's substantive and procedural rights be overridden.

Third, the Court should not waive Rule 37 sanctions because doing so would only encourage similar conduct.  In consolidated proceedings, as here, expert reports are essential and late reports derail pretrial.  *In re TMI Litig.*, 193 F.3d at 718-22.  In this regard, Plaintiffs were admonished repeatedly, but they continue to sandbag and engage in tactics that cause delays.  Each warning and order has been flouted, and it now appears that no matter how many warnings or orders Plaintiffs and CLVO receive, they will continue to violate them.  Here again, if Plaintiffs were allowed to inject new opinions after the close of pretrial, the Court would have to re-open the proceedings in this massive litigation, which would only contradict "the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

Fourth and finally, Plaintiffs' actions lack good faith and are an attempt to expand the cases, while at the same time, depriving Owens-Illinois and other defendants of their right to fundamental discovery.  "It is the responsibility of the attorney to ensure that the expert's report contains complete opinions that are properly and thoroughly set forth and

supported; it should be the goal of the parties to eliminate surprise, avoid unnecessary depositions and reduce costs." *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998).  Neither Plaintiffs nor CVLO has met these responsibilities.  The Amended Expert Report is not the first time that Plaintiffs have tried to convert the serious and laudatory business of ensuring judicial fairness into a justice-defeating stratagem.  Their refusal to comply with the Federal Rules of Civil Procedure and court orders indicates bad faith.  Indeed, Plaintiffs' standard procedure appears to be refuse disclosure, force defendants to litigate for extended periods of time, and then if and only if defendants incur the massive burden and expense of expert discovery and dispositive motions submit new undisclosed information.  In summary, whether the Court applies Rule 16 or Rule 37, the just and appropriate sanction is to strike the Amended Expert Report.

## CONCLUSION

Faced with this motion, Plaintiffs and CVLO will again try to avoid, not meet, their obligations with an apparent belief that, because they dumped thousands of asbestos cases in MDL-875, they are entitled to dispensations.  The myth that Plaintiffs and CVLO are entitled somehow to special, reduced burdens of production, procedural shortcuts, and relaxed evidentiary standards has no foundation in law.  The substantive, procedural, and evidentiary rules are well-established, and they are the same rules that apply in every other federal case.  Plaintiffs and CVLO must be required to, and must in fact, meet their burden and comply with the rules and court orders in the same manner, and to the same extent, as every other litigant and attorney in federal court.

For these reasons, Defendant Owens-Illinois, Inc. respectfully requests that the Court strike "Plaintiffs' Amended Statement on Expert Witness Reports" (*e.g.*, No. 2:10-cv-67443-ER, ECF No. 324) as to Owens-Illinois, Inc. pursuant to Federal Rules of Civil Procedure 16(f) and 37(b).

Dated:   February 11, 2013                    Respectfully submitted,


By: /s/ Brian O. Watson
      Edward Casmere
      Brian O. Watson
      Schiff Hardin LLP
      233 S. Wacker Dr. Suite 6600
      Chicago, Illinois  60606
      (312) 258-5500
      (312) 258-5600 (facsimile)

      *Attorneys for Defendant*
      *Owens-Illinois, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 11, 2013, the foregoing was filed with the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

52997-0539
CH2\12419550.3