**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY | : | |
| LITIGATION (No. VI) | : | |
| _____ | : | MDL DOCKET NO. MDL 875 |
| | : | |
| This Document Relates to: | : | |
| Cases listed on attached Exhibit A | : | |

**Plaintiffs' Objections and Memorandum Re: April 3, 2013 Order**
**Granting Motion to Strike Garza/Kenoyer Amended Expert Report**

On a motion filed by Owens-Illinois, Inc. ("OI"), Magistrate Judge Strawbridge sanctioned Plaintiffs by effectively excluding from 198 cases a supplement prepared by Plaintiffs' two industrial hygienist experts Stephen Kenoyer and Ken Garza to their general report that contains references to the literature on asbestos.[1]  No new opinions were contained in the amended report.  The lower court also reprimanded Plaintiffs' counsel with a conclusory finding of willful misconduct referencing the history of "the litigation of these cases," without specific findings in a given case.  Plaintiffs respectfully object pursuant to Rule 72(a) and 28 U.S.C. § 636(b)(1) as set forth below to the subject April 3, 2013 order:[2]

1.  The supplemental export report was a proper supplementation under Fed.R.Civ.P. 26(e)(2). Rule 26(e) was amended in 2007 to make it consistent with the conduct of litigants as "reflected in practice" where "parties recognize the duty to supplement or correct by providing information that was not originally provided although it was available at the time of the initial disclosure." Fed.R.Civ.P. 26, 2007 Advisory Committee's Notes, at 51.  Pursuant to Rule 26(e)(2) plaintiffs' counsel timely served the amended report 3 days after the report was prepared.  The report was also

---

[1] The order was only entered in 14 cases in which the movant, Owens-Illinois Inc., is a defendant, but it discusses the filing of the amended general report in 198 cases.

[2] As a further basis for these objections, plaintiffs adopt their  response to Owens-Illinois Inc.'s "Motion to Strike 'Plaintiff's Amended Statement on Expert Reports.'"  In *O'Keefe v. AGA Gas, et al* Case 2:08-cv-92210-ER Document 212 Filed 02/11/13.

timely served under Rule 26(a)(3) which allows supplementation of expert reports 30 days before trial.

2. The magistrate court made conclusory findings which did not comply with the fundamental principle that a sanctioning court "must make factual findings that are sufficient to support its conclusions of law," *Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc*., 339 F.3d 180, 185 (3d Cir. 2003).

3. The decision to exclude evidence on a wholesale basis from 198 cases was premature on this record.  In excluding evidence, a court must apply the factors enunciated in Rule 37(c)(1) and in such controlling sanctions precedents as *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977), as clarified in *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 297-300 (3d Cir. 2012). The magistrate focused on whether the parties could identify situations in the summary judgment briefing for all CVLO MDL 875 cases in which the supplemental report would be "dispositive" of an individual case.  Neither Plaintiffs' counsel nor defense counsel could identify a situation in the summary judgment briefing where the supplemental references were being used or cited.  Nor was such a situation identified in the briefing.[3]  On the record for the motion, the magistrate had no individual case situation in which to evaluate the factors set forth in *Meyers*. The magistrate proceeded to strike the supplemental report en masse in all 198 cases where it was filed.  The decision was based on conclusory statements that assumed the *Meyers* factors in all 198 cases would weigh in favor of the defendants in every case.

4. Plaintiffs and their counsel object to the conclusion on page 5 of the April 3, 2013 order that Cascino Vaughan Law Offices have engaged in willful misconduct supported only by general references to the history of the litigation. The magistrate court failed to make any specific factual findings to support it.

5. Imposition of sanctions cannot be based on conclusory findings devoid of facts without legal analysis of specific factors required to be considered.  A record must be made that permits analysis of those factors and specific findings.  Without compliance with the rules, statutes, and case law requirements, the sanctions are constitutionally infirm because the procedure violates the due process guarantees of the U.S. Constitution.[4]

---

[3] *See Ahnert et al. v. CBS Corp. et al.*, No. 10-cv-67443-ER (hereafter cited as "*Ahnert*"), Doc. No. 339 (OI motion).

[4] The "Plaintiffs' Response in Opposition to Owens-Illinois, Inc.' Motion to Strike Garza/Kenoyer Amended Report" that was filed on February 27, 2013 before Magistrate Judge Strawbridge, *see Ahnert*, Doc. No. 348, is adopted and incorporated as part of these objections.  This document is hereafter cited as "Plaintiffs' Feb. 27, 2013 Response."

## **Standard of Review**

By striking the amended expert report, the magistrate court rendered a decision that could have dispositive impact in certain cases.  Rulings on dispositive matters exceed the authority of a magistrate judge, and must be reviewed by the district court *de novo* under Rule 72 and 28 U.S.C. § 636(b)(1)(B).  *See State Farm Mut. Auto. Ins. Co. v. Lincow*, 792 F.Supp. 2d 806, 808-809 (E.D. Pa. 2011, Robreno, J.); *and see NLRB v. Frazier*, 966 F.2d 812, 814-15 (3d Cir 1992) (discussing 28 U.S.S. §§ 636(b)(1)(A) and 636(b)(1)(C) and explaining the distinction between "regular pretrial matters, which a magistrate judge may decide, and those dispositive matters which have a preclusive effect on the parties, about which the magistrate judge may only make a recommendation to the court").  The *de novo* standard of review must be applied to the April 3, 2013 sanctions order because of its potential case-dispositive effect in the 198 cases.  *See also Yang v. Brown University*, 149 F.R.D. 440, 443 (D.C. R.I. 1993), ("While discovery generally is committed to the magistrates for final directions in any action where the district judge refers discovery supervision, the imposition of case-dispositive sanctions under Rule 37(b) is considered in most courts to be subject to an implied limitation as a form of dispositive motion comparable to the 'involuntary dismissal' listed in § 636(b)(1).") (quoting 7 - Pt.2 James W. Moore et al., Moore's Federal Practice § 72.04, at 72-65 [2.-4](2d ed. 1993)).

Alternatively, if *de novo* review is not applicable, the district court may reverse or modify a magistrate judge's order on non-dispositive motions finds the ruling is "clearly erroneous or contrary to law."   28. U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Estate*

*of Leon Spear v. Internal Revenue Service*, 41 F.3d 103, 112 (3d Cir. 1994) (citing *United States*

*v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

<u>Argument</u>

**A.      Summary Of The Deficiencies Of The April 3, 2013 Order.**

The magistrate court's order failed to make any factual findings and any non-conclusory

legal findings to support its sanction.  Specifically:

- The magistrate court failed to make any specific findings as to whether the additional literature references changed the opinions or basis of the report in any individual case or other finding as to why the supplemental report was not permitted by Rule 26(e)(2).

- The magistrate court failed to make any specific findings showing Plaintiffs' counsel intentionally or in bad faith withheld material evidence as compared to merely following the practices under Rule 26(e)(2).

- The magistrate court failed to make any specific findings regarding the application in any of the 198 cases of the five factors set forth in *Meyers*[5] and *ZF Meritor*.

  - The prejudicial impact of introducing in any of the 198 cases  expert testimony regarding the supplemental literature references.

  - The ability to cure that prejudice by the imposition of lesser or alternative sanctions to striking the amendment.  For example, the experts could be tendered for deposition with the cost of their time being shifted to plaintiffs.

  - The potential for disruption of the orderly trial of any one of the 198 cases.

  - The importance of the testimony to be excluded in any one of the 198 cases.

  - Willful violation of an identified court order.

- The magistrate court failed to make any specific findings regarding the application in any of the 198 cases of the factors set forth by the Supreme Court in *Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites De Guinee*, 456 U.S.694, 707 (1982),

---

[5] The *Meyers* factors were used first in the context of Rule 37(b)(2) sanctions, but they are also now applied to Rule 37(c)(1) sanctions.  *See Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 104-105 (D. N.J. 2006) (explaining that the *Meyers* factors are "nearly identical" to the factors used to decide whether to impose Rule 37(c)(1) sanctions), *vacated in part on other grounds*, 482 F.3d 225 (3d Cir. 2007).

including the "related" requirement that mandates that an individualized assessment be conducted into a specific case to ensure the punishment fits the crime.  *See Estate of Leon Spear*, *supra*, 41 F.3d at 112 (citing *Insurance Corp. of Ireland* and explaining that "sanctions that affect the outcome of the trial should only be imposed in order to compensate for violations that may plausibly be thought likely to affect the outcome of the trial").

- The magistrate court failed to make any specific findings regarding the application in any of the 198 cases of the factors set forth in the text of Rule 37(c)(1),[6] including whether the amendment was "substantially justified" or "harmless."

- The magistrate court failed to make any specific factual findings to give foundation to its conclusion that Cascino Vaughan Law Offices had engaged in willful misconduct "throughout the litigation."

**B.    The Relevant Facts.**

The January 21, 2013, supplemental report of Messrs. Kenoyer and Garza was entitled "General Asbestos Exposure Report," and earlier versions have been served in the litigation.[7] This general report contained dozens of pages of references to the scientific literature.[8]  All editions of the general report also attached a detailed bibliography with full citations to well over a hundred publications on asbestos.   Exh. 4 (*Ahnert*, Doc. No. 348-3), at Appendix A.   The general report contained no case-specific opinions; those were set forth in separate documents which contained individual case-specific reports authored by Messrs. Kenoyer and Garza in each of the 198 cases.   Exh. 3 (example of a case-specific report from *Ahnert*).   There is no dispute that these case-specific expert reports were submitted in a timely manner.   The case-specific

---

[6] The lower court *sua sponte* invoked Rule 37(c)(1) to sanction Plaintiffs, even though OI sought sanctions under a different rule, Rule 37(b)(2).  *See* Exh. 1, at 4 (order) and *compare Ahnert*, Doc. No. 339, at 1, 8-9 (OI motion).

[7] Attached as Exhibits 4, 5 and 6 to this brief are the general report dated Jan. 21, 2013 (which was the subject of the OI motion), and the earlier versions of the general report dated May 1, 2012 and Oct. 12, 2011. *See also* Plaintiffs' Feb. 27, 2013 Response, *Ahnert*, Doc. No. 348, at 1-2 (observing that "OI does not dispute the General Report itself was timely filed").

[8] *See* Exh. 4, at 1-57.

reports set forth in detail the opinions of Messrs. Kenoyer and Garza concerning each individual plaintiff's exposure to asbestos. *Id.* at 5-6.[9]

In the supplement at issue, the experts added only literature quotations to certain sections of the general report.  Plaintiffs highlighted in yellow the limited added citations in an exhibit put before the lower court, Exh. 4, and explained "[t]he amendment contains only additional literature references" and delineated where the extra citations could be found.  *Ahnert*, Doc. No. 348, at 2-3.  Almost all of the additional citations were to works that had been listed in the bibliographies attached to the earlier editions.[10]

Magistrate Judge Strawbridge rendered a five-page order.  Exh. 1.  The lower court did list the *Meyer* factors, but it did not apply them. Exh. 1 at 4.  In the decision, the court cited to OI's false conclusory assertions that the addition of the few literature references would allegedly disrupt motion practice in over 180 cases and require the re-deposing of experts.  *See* Exh. 1 at 4-5.  The magistrate court then uncritically adopted those assertions as true. The limited "analysis" of the court boiled down to less than a handful of conclusory sentences.

---

[9] The case-specific reports also detailed the materials, such as transcripts of the depositions of the plaintiffs and their co-workers, that the experts reviewed in each case. *See* Exh. 3, at 1. The individualized reports also specified what the industrial hygienists had learned about the work history and the occupational exposure to asbestos-containing products of each plaintiff.  *Id.* at 2-4.

[10] For example, the addition appearing on pages 15-16 of the supplement consists of references to the studies by Selikoff in 1965, Levine in 1978, and Balzer in 1968.  Exh. 4, at 15-16.  These studies had been previously disclosed in the bibliography to the earlier report, Exh. 6 (*Ahnert*, Doc. No. 178-3), at 63-64, and they had been quoted and cited in the corresponding section in the text of that earlier report.  *See* Exh. 6, at 21 (Selikoff's 1965 study), 17 and 19 (Levine's 1978 study), and 20 and 22 (Balzer's 1968 study).  The same can be said of most of the remainder of the additions to the report.  The few exceptions were never shown to be relevant to OI in the litigation below.

**C.      Specific Factual And Legal Findings Are Mandatory In Sanctions Orders.**

Specific factual findings are a mandatory predicate for the imposition of sanctions. *Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 185 (3d Cir. 2003).[11]   In *Naviant*, the court found the lower court abused its discretion when it entered sanctions in precisely the same conclusory way Magistrate Judge Strawbridge did in this case.   339 F.3d at 185-186.[12]   In addition to not making any specific factual findings, the magistrate court failed to analyze any of the factors that are required to be considered before entering sanctions.   Even in cases where factual findings are made, if the court fails to set forth an analysis explaining why the legal standard has been met, then the decision is an abuse of discretion.   *See Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 139-141 (3d. Cir. 2009) (despite detailed factual findings, reversing imposition of Rule 26(g) and Rule 37(c)(1) sanctions because of an absence of analysis and support for legal conclusions).[13]

---

[11] *See also Lee v. Tennis*, No. 4:CV-08-1972, 2012 U.S. Dist. LEXIS 98618, at *5 (M.D. Pa. July 16, 2012) ("[I]f a district finds that sanctions are warranted [under Rule 37], the Court must make factual findings to justify such an award.") (citing *Naviant*); *Henrik Klinge Retained Trust v. Triumph Apparel Corp.*, No. 1:09-CV-1812, 2012 U.S. Dist. LEXIS 10194, at *11 (M.D. Pa. Jan. 27, 2012) (same) (citing *Naviant*); *Barnett v. NJ Transit Corp.*, No. 10-3871, 2012 U.S. Dist. LEXIS 12157, at *7 (D.N.J. Feb. 1, 2012) ("The Court must also make factual findings sufficient to support its decision to impose sanctions.") (citing *Naviant*).

[12] Magistrate Judge Strawbridge uttered a single conclusory sentence to impose sanctions: "We have determined that the failure was not 'substantially justified' and we are not persuaded that it was harmless."   April 3, 2013 Order at 4.   In *Naviant*, the district court rested its sanctions on exactly the same type of conclusory statement: "defendant and counsel's conduct during the discovery phase was not substantially justified and there are no circumstances which make this fee award unjust."   339 F.3d at 185. The Third Circuit stated that "[t]his conclusory statement does not describe any particular acts or omissions by appellants," and it sharply criticized the fact that the lower court's order "did not make any explicit statements describing misconduct," failed to provide "any details as to when and in what way counsel's conduct justified sanctions," and "failed to make any findings with regard to the specific deficiencies" of the discovery responses at issue.   *Id.* at 185-186.

[13] Reversal was required in *Grider* because the lower court "failed to analyze the 'substantial justification' standard expressly articulated in the Rule" and there was "nothing in [the district court's opinion] that discusse[d] the contours of this standard or explain[ed] the ways in which the Appellants' legal positions were not substantially justified."   580 F.3d at 139, 140.

**D.     The Court Ruled Prematurely As To 198 Cases On An Inadequate Record.**

At the hearing, counsel for the Plaintiffs criticized the generalized nature of the OI position.  He pointed out that OI had pointed to absolutely nothing specific:

> I didn't hear any particulars.  His [OI's counsel's] statement, as I heard it, was the same thing, which is there may be a situation where information is something that's needed as a basis.  But I didn't hear any -- I didn't hear any situations that he gave us.

Exh. 2, 14:12-16.  All of the factors, such as the importance of a literature reference by one of the experts to the issues to be tried in a given case and the degree of any prejudice, cannot be assessed at this time.  These issues necessarily call for case-specific decisions that can only be decided by the trial judges in the individual cases.   This is why Plaintiffs' counsel stated at the hearing: "the basis issue would be something that could come up in a particular case, but I can't tell you one right now where it matters."  Exh. 2, 14:17-20.  This reality means consideration of any specific sanction in any specific case must await a fully developed record.  If the issue should come up in one of the 198 cases, then, and only then, it could be addressed by the trial judge with the necessary facts at hand.  An across-the-board sanction excluding evidence fails to honor the rights of the individual litigants to have their cases decided fairly on the merits.  As the district court in the MDL 875 has stated:

> "[R]egardless of how massive or complex the litigation is, success in administering the case by the Court cannot be measured solely in terms of the number of cases settled, or claims dismissed or adjudicated.  Each party to the litigation is not just a number.  Rather each is entitled to a full and fair day in court as to the merits of its claims and defenses."[14]

---

[14]  November 14, 2011 Order, MDL 875, *Aberle v. Anchor Packing Co.*, Case 2:08-cv-91650-ER, Doc. No. 64, at 5.

The magistrate court for CVLO MDL 875 cases has acknowledged similar limitations about striking evidence only when offered in a specific case.  The magistrate court stated in *Ferguson v. AC & S, Inc. et al.*, Case No. 08-CV-90234, Doc. No. 94:

> Defendants' request that we strike verified interrogatory responses based on the possible prejudice associated with the extent and character of information contained in the responses as well as the date when they were served, is premature. Without knowing how Plaintiffs would seek to use this information in a given case, we are unable to grant such relief. The judge presiding over the case when, and if, a Plaintiff attempts to utilize such a declaration or otherwise rely on such information from an interrogatory response will be in a much better position to engage in the prejudice analysis.  (Order at 13.)

In another case, *Doyle v. A.C. AND S., Inc. et al.*,  MDL 875 Case No. 08-89845-ER, Doc. No. 205, filed 1/11/13, the magistrate court considered a motion to strike testimony of a witness submitted in opposition to a summary judgment motion.  The court held: "The disposition of such motions is beyond the authority granted to us pursuant to the July 9, 2012 referral order (see e.g., *Ahnert v. CBS Corp.*, 10-67443 Doc. 34) and 28 U.S.C.A. § 636 (b)(1)(A)."  (Order at 2.)


**E.     No Specific Findings Regarding The Supplement's Violating 26(e)(2).**

This was a case of diligent compliance with Rule 26(e)'s requirements.  The Plaintiffs' experts were doing what all experts -- even the defense experts -- do, which is to continuously study the background literature in their fields and update their database of pertinent literature such as the "general report" at issue.  When they did this, Plaintiffs' counsel moved with alacrity to file a supplement to the general report within three days.

Prior to the 2007 amendment, Rule 26(e) provided only for a duty to supplement or correct an earlier discovery disclosure "to include information thereafter acquired."  Fed.R.Civ.P. 26, 2007 Advisory Committee's Notes, at 51.  However, it was, and still is, the common practice of parties and their witnesses to supplement on an ongoing basis even with information that was

available at the time of the earlier disclosures.  The Supreme Court in enacting the 2007 amendment to Rule 26(e) recognized this practice and eliminated the formal language which restricted the supplementation to "information thereafter acquired."  As the Advisory Committee explained:

> This apparent limit is not reflected in practice; parties recognize the duty to supplement or correct by providing information that was not originally provided although it was available at the time of the initial disclosure or response.  These words ["to include information thereafter acquired"] are deleted to reflect the actual meaning of the present rule. *Id.*

Plaintiffs' counsel stressed this point to the lower court at the hearing, pointing out that the current language in Rule 26(e) is mandatory language ("must supplement"), meaning that when the experts added to their database of relevant literature and made Plaintiffs' counsel aware of it, a duty for him to disclose at that time became obligatory:

> Judge, we were following the rules on this, as we understood these.  And the first was Rule 26(a)(2)(e) that says that expert reports have to be supplemented when required under Rule 26(e).  And it doesn't say may or shall.  We're reading the Rule as it says, which is must supplement.  So and the word must is in there.  That's what we were following through with in terms of how we were doing this. Exh. 2 at 11:12-19.

Plaintiffs' attorneys were not amending the report for improper purposes, but instead seeking to assiduously comply with their ongoing duty under Rule 26(e) to disclose information relevant to an earlier expert disclosure in a "timely" manner.  A supplement to an expert report that is consistent with earlier opinions and reports of the expert is perfectly permissible under Rule 26(e)(2).  *See Pritchard v. Dow Agro Sciences*, 263 F.R.D. 277, 285 (W.D. Pa. 2009) (making clear that a supplemental expert report or declaration " need not be stricken if it contains merely an elaboration of and [is] consistent with an opinion/issue previously addressed in the expert report") (quoting *Emcore Corp. v. Optium Corp.*, 2008 U.S. Dist. LEXIS 59794, at *4 (W.D. Pa. Aug. 5, 2008)) (internal quotation marks omitted).  *See also Carnegie Mellon Univ. v.*

*Marvel Technology Group, Ltd.*, No. 09-290, 2012 U.S. Dist. LEXIS 159796, *8 (W.D. Pa. Nov. 7, 2012) (citing *Pritchard*).  That is what happened here since there was nothing inconsistent in the new literature references.  They were in almost all instances to the same books and articles previously cited in the earlier versions of the reports.  The magistrate court made no specific findings as to why the supplement was not permitted under Rule 26(e)(2).

**F.**    **No Specific Findings As To Why Plaintiffs' Counsel Acted To Intentionally Conceal Material Information.**

The lower court also did not make any specific findings as to how the supplemental references were evidence of intentional concealment of material information aimed at prejudicing OI.  At the hearing, OI could not explain why the new references harmed its defense in any specific case.  And, Plaintiffs' counsel explained both in his brief and at the hearing that the supplement was in no way an effort to change the opinions of Messrs. Kenoyer and Garza. *See* Plaintiffs' Feb. 27, 2013 Response, *Ahnert*, Doc. No. 348, at 2-3.

**G.**    **No Specific Findings Regarding The *Meyers* Factors.**

The exclusion of evidence is "an 'extreme' sanction not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence."  *Meyers*, 559 F.3d at 904-905 (citing *Dudley v. South Jersey Metal, Inc.*, 555 F.2d 96, 99 (3d Cir. 1977)).  *See also Bauder v. Phila., Bethlehem & N. Eng. Railroad Co.*, No. 96-7188, 1998 U.S. Dist. LEXIS 14118, *6 (E.D. Pa. Aug. 28, 1998) ("Excluding expert testimony as a sanction is a drastic measure that should be imposed in only extreme situations.").  Not a single one of the *Meyers* factors was the subject of a specific and non-conclusory finding by the magistrate court.  *Meyers* and cases applying it, like *ZF Meritor*, require a careful balancing of factors such as prejudice and importance of the evidence, which can only be assessed by looking at the specific facts of the 198 cases.  By issuing generalized and conclusory statements as to all

198 cases, on an incomplete and premature factual record, the lower court did not properly apply or sufficiently explain its application of the required factors.[15]

## H.   No Specific Findings Regarding The "Related" Requirement.

The discretion to impose Rule 37 sanctions is "limited … by due process considerations." *Access 4 All, Inc. v. ANI Assocs., Inc.*, No. 04-6297(RBK), 2007 U.S. Dist. LEXIS 4011, *7 (D. N.J. Jan. 12, 2007).   To meet due process requirements, the Supreme Court specified "two standards - one general and one specific - that limit a court's discretion." *Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites De Guinee*, 456 U.S.694, 707 (1982): "First, any sanction must be 'just'; second, any sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery."   The first rule describes "the general due process restrictions on the court's discretion."   *Id.*   The second rule, also grounded in due process concerns, consists of a "related" requirement that is breached if sanctions "lacked a sufficiently specific nexus with the underlying violations and their correction."   *Inmates of the Allegheny Jail v. Wecht*, 754 F.2d 120, 130 (3d Cir. 1985); *and see Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995) (discussing the "related" requirement).   Sanctions that stretch beyond the nature of the infraction contravene the "related" requirement and are constitutionally infirm. One way of expressing this is to say the "punishment must fit the crime." *See Estate of Leon Spear*, *supra*, 41 F.3d at 112.   There was no way on the record before the lower court to assess whether the extreme sanction of exclusion of the testimony was warranted to punish something that could be outcome-dispositive at the trial.   There was no consideration of any specific case's

---

[15] Since the exclusion of evidence ordered in the 198 cases by Judge Strawbridge could potentially be outcome-determinative and function as a dismissal, it is also reasonable in these circumstances to apply the enlarged multi-factor test enunciated in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), which, though similar to the *Meyers* factors, includes the mandate that the court consider "the meritoriousness of the claim or defense."   That should have been done in this case, but it was not.

facts.  Thus, the court could not, and did not, adhere to the rule expressed in *Insurance Corp. of Ireland* that the sanction be related to the alleged discovery offense.

**I.**      **No Specific Findings Regarding The Factors In The Text Of Rule 37(c)(1).**

Rule 37(c)(1) sanctions should not be entered if the disclosure was "substantially justified" or the alleged violation was "harmless."  In *Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 139-141 (3d. Cir. 2009) (quoting *Tolerico v. Home Depot*, 205 F.R.D. 169, 175-176 (M.D. Pa. 2002)), the Court explained the meaning of substantial justification under both Rule 37(c)(1) and Rule 26(g)(3):  "'Substantial justification' for the failure to make a required disclosure has been regarded as justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.  The test of substantial justification is satisfied is there exists a genuine dispute concerning compliance."  There was a genuine and good faith dispute in this case over the issue of disclosure, but the magistrate court neglected to make any findings on the specific facts surrounding that issue.

**J.**      **No Specific Findings Regarding The Alleged Willful Misconduct Of Counsel Throughout The Litigation.**

Third Circuit authorities interpreting "willfulness" or "bad faith" of an attorney explain that this means something much more than an "untimely response" to discovery or "a failure to move with dispatch" to meet a deadline set by order.  *Adams v. Trustees of the N.J. Brewery Employees Pension Trust Fund*, 29 F.3d 863, 874-876 (3d Cir. 1994) (citing *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982)).  There must be proof of "repeated and self-serving instances of flouting court authority and professional irresponsibility."  *Id.* at 876.

The finding of willful misconduct throughout the litigation was purely conclusory.  No facts were cited.  Instead, the magistrate court cited four earlier decisions in the case.  None of

those decisions made a finding that the Plaintiffs' lawyers had engaged in bad faith or willful misconduct.  This is not a record of willful misconduct or of conduct that is "tantamount to bad faith," to use the words from *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980).

As the court observed in *Bowers v. The Nat'l Collegiate Athletic Assoc.*, 475 F.3d 524, 543 (3d Cir. 2007), "courts are in near complete agreement that an order rising to the level of a public reprimand is a sanction."  The implication by the magistrate court that Cascino Vaughan Law Offices has engaged in a willful disregard of its "obligations to follow the scheduling orders and to provide complete and timely discovery"   is a serious condemnation.  It rises to the level of a sanction of the firm.  As the court stated in *Precision Specialty Metals, Inc. v. United States*, 315 F.3d 1346, 1353 (Fed. Cir. 2003), "[a] lawyer's reputation is one of his most important professional assets" and "a reprimand may have a more serious adverse impact upon a lawyer than the imposition of a monetary sanction."  It is appropriate to treat the reprimand as an appealable sanction, as was done in *Bowers*.

**K.      The Sanction Is Constitutionally Infirm.**

"The fundamental guarantee of due process is absolute and not merely relative." *Hammond Packing Co. v. State of Arkansas*, 212 U.S. 322, 350 (1909).  Constitutional due process was not afforded here.  First, the sanctions motion was brought under Rule 37(b)(2).  Yet, without notice to Plaintiffs, the lower court *sua sponte* proceeded to decide the sanctions issue under a different rule, Rule 37(c)(1).[16]  Furthermore, the lower court took the opportunity

---

[16] By changing the legal rule upon which the motion for sanctions would be decided, the court made the process unfair.  The essential nature of this problem was explained in *In re: Tutu Wells Contamination Litigation*, 120 F.3d 368, 379 (3rd Cir. 1997) (citation omitted): "The party against whom sanctions are being considered is entitled to notice of the legal rule on which the sanctions would be based, the reasons for the sanctions, and the form of the potential sanctions.  Without such notice, the opportunity to be heard would be meaningless."  This is a problem that raises serious constitutional due process concerns, as is made plain by the Third Circuit's decision in *Martin v. Brown*, 63 F.3d 1252, 1262-63 (3d Cir. 1995).

of this motion to issue a sweeping condemnation of Plaintiffs' counsel.  See April 3, 2013 Order at 5. There was no indication at the hearing, see Exh. 2, or at any time that the magistrate court was going to put the Plaintiffs' counsel on trial and sternly reprimand their firm, judicial action that amounted to a sanction against Plaintiffs' counsel.  "Whenever the district court imposes sanctions on an attorney, it must at a minimum, afford the attorney notice and an opportunity to be heard."  *Bowers*, *supra*, 475 F.3d at 544 (quoting *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1198 (9th Cir. 1999)). The magistrate court should have afforded Plaintiffs' counsel the opportunity to defend against the baseless charge that they had disregarded the court's orders throughout the litigation.  The failure to grant that opportunity violated their due process rights.

In addition to the problems of notice, the decision-making process was constitutionally infirm.  The rules governing sanctions, such as the multi-factor analysis mandated by *Meyers*, the duty expressed in *Naviant Marketing* that specific factual findings be made, and the requirement expressed in *Gryder* that the court's analysis of the pertinent legal standards like substantial justification be set out explicitly, all are aimed at satisfying due process concerns.

The magistrate court in CVLO MDL 875 cases has repeatedly entered rulings barring evidence and striking witnesses. [17]  This has been done without consideration of the *Meyers*

---

[17] 1) Memorandum in *Unzicker v. AW Chesterton Co. et al* 11-CV-66288 Doc. 182 filed 5/31/12.

2)  Memorandum in *Ferguson v. AC&S et al* Filed 11/16/12 08-CV-90234 Doc 94.

3)  Order in *Svatek v. AC & S et al* Filed 11/28/12 11-CV-64036 Doc. 83.

4) Order in *Doyle v. AC & S et al*  Filed 12/4/12 08-CV-89845  Doc. 181 .

5) Memorandum in *Kuchler v. Anchor Packing Co. et al*  Filed 12/27/12 08-CV-61345  Doc. 165.

6) Order in *Doyle v. AC & S et al*  08-CV-89845   Filed 1/11/2013  Doc. 205.

7) Memorandum in *Ahnert v. AC & S et al*  10-cv-67443 Filed 1/17/2013 Doc. 318.

factors in the individual cases.  Decisions of this nature can function as dispositive rulings in the CVLO MDL 875 cases.  Such decisions are the exclusive province of Article III Judges as a constitutional matter.

### Conclusion

For the reasons stated above, the objections should be sustained.  The District Court should vacate the April 3, 2013 ruling of the magistrate court.  Consideration of the use in evidence of the Amended General Report of Kenoyer and Garza should be deferred until such time as the supplemental references are offered in a specific case and the *Meyers* factors can be evaluated.

Dated: April 17, 2013

Respectfully submitted,

/s/ Robert G. McCoy
*Attorney for the Plaintiffs*

Michael P. Cascino
Allen D. Vaughan
Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, Illinois 60607